SAVOY, Judge.
Plaintiff was injured while in the course of his employment. He sued his employer and its insurer for total and permanent disability at the maximum rate allowed at the time of the filing of the suit, for medical expenses, and also asked for penalties and attorney fees because of the arbitrary refusal on the part of defendant to pay him additional compensation. Defendants answered the suit alleging they paid plaintiff from the date of injury until he returned to gainful employment, and that his suit should be dismissed. After a trial on the merits, the district court dismissed plaintiff’s suit. Plaintiff has appealed.
The record reveals that plaintiff injured his back while working for defendant em *627 ployer on November 8, 1967, while lifting some heavy material.
Plaintiff went to the office of Dr. Robert L. Morrow, Sr. on November 9, 1967. Dr. Morrow examined plaintiff and was of the opinion that he was suffering from a moderately severe sprain of the lower back. He was given a muscle relaxant along with other medication and was advised to place a hard board under his bed. The doctor saw him on several occasions and told plaintiff he could return to work on November 28, 1967. Plaintiff returned to the doctor on January 4, 8 and 12, 1968, and still complained of back pain. January 12, 1968 was the last time plaintiff saw the doctor. At that time plaintiff stated the insurance company was sending him to an orthopedist.
Dr. Webre, specialist in orthopedic surgery, saw plaintiff on January 24, 1968, and again on April 8, 1968. After physical examination of plaintiff and X-rays of his back, the doctor was of the opinion that there was no objective evidence of disability which would preclude plaintiff from returning to his previous employment.
On February 1, 1968, plaintiff went to the office of Dr. Louis Weinstein, a general practitioner. The doctor saw and examined plaintiff approximately fourteen times between February 1, 1968 and March 7, 1968. He could find no evidence of disability and was of the opinion plaintiff could return to his former employment.
Plaintiff next went to Dr. John Fruge, engaged in the general practice of medicine. He saw plaintiff on March 16, 1968 and in November of the same year. On the first examination the doctor could not find any objective evidence of disability. On the second examination he found limitation of motion, a subjective finding.
Dr. R. E. Dupre, general practitioner, saw and examined plaintiff on March 19, 1968. His finding was moderate spasm of the muscle of the back. The doctor testified he did not perform any test on plaintiff but had him in and out of the hospital on different occasions for observation and physical examination without making the orthopedic tests.
Plaintiff was next seen by Dr. Homer D. Kirgis, neurosurgeon. He examined plaintiff on August 16, 1968. His impression was that plaintiff probably had a ruptured lumbar disc. The doctor was of the opinion that plaintiff could not do any hard manual labor. He thought plaintiff had improved since he had less leg pain, and the pain had almost cleared.
On October 21, 1968, plaintiff was examined by Dr. Richard W. Levy, neurosurgeon. After completing his examination, the doctor said:
“ * * * In summary, it was my belief that he did not have a neurological disability. I had no recommendations to make concerning other neurological tests, and I did not think that any neurosurgery was indicated. I saw no reason, from the neurological standpoint, why he could not return to his usual and customary occupation.”
Considering the medical testimony of the seven doctors, we are of the opinion that the trial judge was correct in finding that the medical testimony preponderated in favor of the defendants and properly dismissed the plaintiff’s suit.
For the reasons assigned the judgment of the district court is affirmed. Plaintiff to pay costs of this appeal.
Affirmed.